**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In Re:

BYRON F. DAVID

    Debtor

Case No.: 18-12396-KHK
Chapter 11

### SUMMIT COMMUNITY BANK'S RESPONSE AND OBJECTION TO TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7

COMES NOW, Summit Community Bank (hereinafter "Summit"), by counsel, and submits its Response and Objection to Trustee, Donald King, Esq.'s (hereinafter "Trustee") Motion to Convert to Chapter 7 (hereinafter "Motion"), and in support thereof, states as follows:

### I. BACKGROUND

1. Byron F. David (hereinafter "Debtor" or "Mr. David") filed a voluntary bankruptcy petition under chapter 7 of the Bankruptcy Code on July 10, 2018.

2. On October 18, 2018 Summit filed an adversary proceeding against the Debtor, which is currently pending (stayed) as *Summit Community Bank v. David (In re: David)*, Case No. 18-01105-KHK (Bankr. E.D. Va. Oct. 18, 2018).

3. After the adversary proceeding was filed, Debtor moved to convert this case from chapter 7 to chapter 11. (Dkt. no. 26).

1

4. On March 1, 2019, Debtor filed amended schedules which disclosed that Debtor's spouse had withdrawn approximately $290,000.00 in funds from the Debtor's joint account. (*See* Dkt. no. 28 at 10-11).

5. On April 10, 2019, Debtor's Motion to Convert to a Chapter 11 case was granted by this Court. However, the Court appointed a chapter 11 Trustee. (Dkt. no. 44).

6. On October 9, 2019 the Court held an evidentiary hearing on Debtor's Omnibus Objections and thereupon took the matters under advisement.

7. On January 27, 2020 the Court entered an Order sustaining Debtor's objections to Claims 3-3, 5-3, 6-3, and 7-3 and overruling Debtor's objections to Claim 4-3. (Dkt. no. 152).

8. On February 6, 2020 Summit noted its appeal related to the Court's ruling on Claims 3-3, 5-3, 6-3, and 7-3. (Dkt. no. 159).

9. The United States District Court for the Eastern District of Virginia has set the matter for oral argument on June 12, 2020.

10. On February 26, 2020 Trustee filed his Motion to Convert to Chapter 7 and set for hearing on March 24, 2020. (Dkt. no. 173).

## II.    ARGUMENT

11. The Court "may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors." 11 U.S.C. §1112(b)(2).

12. This case has unusual circumstances in the following ways:

2

    a. The Debtor has substantial income; and

    b. Despite substantial income, the Debtor has few to no assets; and

    c. As outlined in Summit's adversary proceeding, the Debtor made multiple pre-petition and post-petition transfers to avoid, delay, or otherwise hinder creditors.

13. The Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the bester interests of creditors and the estate." 11 U.S.C. §1112(a). The Court has already appointed a Trustee in this case pursuant to section 1104(a) and the Debtor has refused to comply with the Trustee.

14. A Debtor's post-petition earnings are property of the bankruptcy estate. 11 U.S.C. §1115(a)(2). Upon information and belief, as of the date of this filing the Debtor has yet to turnover his post-petition earnings and paychecks as required by U.S. Bankruptcy Code and this Court's Order. (Dkt. no. 154).

15. The Court should convert the case only if it is in the best interests of the creditors. Currently, remaining in a chapter 11 is in the best interest of the creditors, specifically Summit. In his Supplement to the January Monthly Operating Report, the chapter 11 Trustee shows cash receipts of $22,369.09. (Dkt. no. 178 at pg. 4). Debtor's schedules, and the amendments thereto, show that the Debtor has few to no assets. (Dkt. nos. 1, 10, 19, and 28 respectively). If the case

3

is converted to chapter 7, and the Debtor has no assets to liquidate, the creditors will be unduly harmed. Therefore, it is in the best interests of the creditors to remain in chapter 11.

16. Debtor's Omnibus Objections to Claims 3-3, 5-3, 6-3, and 7-3, totaling $2,297,342.84 were sustained. Summit has appealed that decision. If the issues identified by Summit on appeal are reversed, it will have an impact on under which chapter this case should proceed. Until the appeals process has been exhausted, the Court should stay any conversion in this case.

17. The Bankruptcy Court may "issue any other appropriate orders during the pendency of any appeal to protect the rights of all parties in interest." Federal Rule of Bankruptcy 8007(e). The outcome of Summit's appeal will dictate the conversion this case and the best interests of creditors related to potential conversion. Summit's rights will be affected if the Court grants any type of conversion to another chapter at this time.

WHEREFORE, for the reasons stated herein, Summit Community Bank respectfully requests that this Honorable Court enter an Order denying Trustee's Motion to Convert to Chapter 7, or in the alternative enter an Order staying the conversion of the case pending the outcome of Summit's appeal; and granting such further relief as this Court deems appropriate.

Respectfully Submitted,

**SUMMIT COMMUNITY BANK**
**By Counsel**

  /s/ Quinton B. Callahan
Mark B. Callahan, Esq. (VSB #22593)
Quinton B. Callahan, Esq. (VSB #81357)
David C. Nahm, Esq. (VSB #75239)
Clark & Bradshaw, P.C.
92 N. Liberty Street
Harrisonburg, VA  22803
Telephone: (540) 433-2601
Facsimile: (540) 437-0625
Email: callahan@clark-bradshaw.com
Email: qcallahan@clark-bradshaw.com
Counsel for Summit Community Bank

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2020 that service of a true copy of the foregoing Response and Objection to Debtor's Motion to Convert to Chapter 13 was sent via the United States Bankruptcy Court CM/ECF filing system to all parties requesting notice and via First-Class, U.S. Mail to the parties listed below:

> James P. Campbell, Esq.
> Matthew L. Clark, Esq.
> Campbell Flannery, P.C.
> 1602 Village Market Boulevard, Suite 225
> Leesburg, VA 20175
> Telephone: (703) 771-8344
> Email: jcampbell@campbellflannery.com
> Email: mclark@campbellflannery.com
>
> Donald F. King, Esq. (VSB #23125)
> Bradley D. Jones, Esq. (VSB #85095)
> Odin Feldman & Pittleman, PC
> 1775 Wiehle Avenue, Suite 400
> Reston, VA 20190
> Telephone: (703) 218-2116 (Mr. King)
> Telephone: (703) 218-2176 (Mr. Jones)
> Facsimile: (703) 218-2160
> Email: donking@ofplaw.com
> Email: Brad.Jones@ofplaw.com
>
> Joseph A. Guzinski, Esq.
> Jack Frankel, Esq.
> Office of the U.S. Trustee
> 1725 Duke Street, Suite 650
> Alexandria, VA 22314
> Telephone: (703) 557-7229
> Email: joseph.a.guzinski@usdoj.gov
> Email: jack.i.frankel@usdoj.gov
> *United States Trustee*

    /s/ Quinton B. Callahan
    Quinton B. Callahan, Esq. (VSB #81357)