**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

In re:

BYRON F. DAVID

Debtor.

Case No. 18-12396
Chapter 11

**DEBTOR'S RESPONSE AND OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR A RULE TO SHOW CAUSE FOR WHY SANCTIONS SHOULD NOT BE IMPOSED UPON THE DEBTOR FOR FAILURE TO COMPLY WITH THE BUDGET ORDER [dkt no. 171]**

COMES NOW the Debtor, Byron F. David, by counsel, and for his Response and Objection to the Chapter 11 Trustee's Motion to Convert Case to Chapter 7 (dkt. no. 173), states the following:

### A.    BACKGROUND

1.    On February 25, 2020, the Debtor filed a Motion to Convert to Chapter 13, based on a proposed plan that would pay his creditors in full (dkt. no. 169).

2.    The following day, February 26, 2020, the Chapter 11 Trustee filed a Motion for a Rule to Show Cause for why Sanctions should not be imposed upon the Debtor for failure to comply with the Budget Order (dkt. no. 171) (the "Show Cause Motion"), and a Motion to Convert this case to Chapter 7 (dkt. no. 173) ("Chapter 7 Conversion Motion").

3.    The Trustee has filed the Show Cause Motion on the grounds that the Debtor has not complied with a Budget Order entered by the Court on January 27, 2020

James P. Campbell, Esq. (VSB #25097)
Matthew L. Clark, Esq. (VSB #84881)
*Campbell Flannery, P.C.*
1602 Village Market Blvd. Suite 225
Leesburg, Virginia  20175
(703) 771-8344/Telephone
(703) 777-1485/Facsimile

(dkt. no. 154) (the "Budget Order"), requiring the Debtor (a) to make certain financial disclosures to the Trustee, (b) to turn over his paycheck to the Trustee within a certain time frame, and (c) to provide information about his accountant.

4. The alleged non-compliances with the Budget Order raised by the Trustee in his Motion to Convert are concerning as they are either inaccurate or are now entirely moot.

    A. **The Debtor made timely Financial Disclosures.**

As set forth in the email attached hereto as "Exhibit A," the Debtor timely provided his counsel with a complete MOR for the month of January 2020. The Debtor expected and relied on his counsel to forward this document to the Trustee. Due to an internal communication error on the part of the Debtor's counsel, this MOR was not forwarded to the Trustee as the Debtor expected. Upon learning of this error, as set forth in the email attached hereto as "Exhibit B," on March 2, 2020, counsel for the Debtor forwarded the Debtor's January 2020 MOR to the Trustee. Accordingly, any noncompliance arising from financial disclosures has been rendered moot. Furthermore, the Court should not hold such noncompliance against the Debtor because he did his part to comply with this aspect of the Budget Order and the Trustee did not timely receive it due to an error of the Debtor's counsel.

    B. **The Debtor has turned over all of his paychecks.**

The Debtor did not timely turn over his January 2020 paycheck to the Chapter 11 Trustee because he mistakenly believed that he did not need to do so when he would be moving to convert his case to Chapter 13 (after becoming eligible to do so as a result of the Court sustaining his objections to four out of five of Summit's claims). Upon learning of

the Debtor's honest, but mistaken, belief, counsel for the Debtor counseled him to obey the Court's Order until and unless the Court entered a contrary Order and the Debtor promptly provided that paycheck in the amount of $17,271.14 to the Trustee on March 2, 2020.

Since then, the Debtor has timely provided the Trustee with all of his paychecks and the Debtor is now in compliance with this aspect of the Budget Order in all respects.

### C. Debtor Provided and Re-Provided information about his accountant.

Counsel for the Debtor learned of a problem between the Trustee's proposed accountant and the Debtor's accountant when the Trustee filed his Motion to Show Cause on February 26, 2020. Undersigned counsel immediately emailed the Debtor's accountant's contact information, including his personal cell phone, which is characterized in the Trustee's Objection as being an incorrect telephone number. Notably, the Debtor's income tax returns, which bear the accountant's telephone number, were presented to Mr. King in his capacity as Chapter 7 Trustee at the outset of this case. In fact, therefore, the Trustee already had this information and the Debtor was never in non-compliance with this aspect of the Budget Order. To the extent the Trustee had overlooked the fact that he already had this information, counsel or the Debtor re-provided it immediately upon learning that the Trustee could not locate it.

Fundamentally, the issues the Trustee complains of resulted from misunderstandings and mistakes, which have now been cured, corrected, and rendered moot. For the reasons forth in the Debtor's Motion to Convert to Chapter 13 (dkt. no. 169), and the Debtor's Response in Opposition to the Trustee's Motion to Convert to Chapter 7

filed herewith, the interests of the Debtor's creditors will be best served by converting this case to Chapter 13, rather than to Chapter 7.

WHEREFORE, the Debtor, Byron F. David, respectfully requests that this Court (a) deny the Trustee's Motion for a Rule to Show Cause for Why Sanctions Should not be imposed upon the Debtor for failure to comply with the Budget Order (dkt. no. 171); (b) grant his Motion to Convert to Chapter 13 (dkt. no. 169); and (c) grant such further relief as this Court deems appropriate.

**BYRON F. DAVID**
By Counsel

     /s/ James P. Campbell
James P. Campbell, Esq. (VSB #25097)
Matthew L. Clark, Esq. (VSB #84881)
**CAMPBELL FLANNERY, P.C.**
1602 Village Market Blvd. Suite 225
Leesburg, Virginia  20175
(703) 771-8344/Telephone
(703) 777-1485/Facsimile
jcampbell@campbellflannery.com/Email
mclark@campbellflannery.com
  *Counsel for Debtor Not in Possession*

4

## CERTIFICATE OF SERVICE

I hereby certify that service of a true copy of the foregoing has been made as follows:

| | |
|---|---|
| Type of Service: | First Class and Electronic Mail to the parties listed below |
| Date of Service: | April 21, 2020 |
| Persons served and address: | Joseph A. Guzinski, Esq.<br>Office of the U.S. Trustee<br>1725 Duke Street<br>Suite 650<br>Alexandria, Virginia  22314<br><br>Bradley D. Jones, Esq.<br>Donald F. King, Esq.<br>Odin, Feldman & Pittleman, P.C.<br>1775 Wiehle Avenue, Suite 400<br>Reston, Virginia  20190<br><br>Mark B. Callahan, Esq.<br>Quinton B. Callahan, Esq.<br>Clark & Bradshaw, P.C.<br>P.O. Box 71<br>92 No. Liberty Street<br>Harrisonburg, Virginia  22803-0071 |
| Item Served: | Debtor's Response in Opposition to Trustee's Motion for a Rule to Show Cause for Why Sanctions Should not be imposed upon the Debtor for failure to comply with the Budget Order |

/s/ James P. Campbell
James P. Campbell

5