# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

**In re:**

**BYRON F. DAVID**

    **Debtor.**

Case No. 18-12396
Chapter 11

### DEBTOR'S RESPONSE AND OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 [dkt no. 173]

COMES NOW the Debtor, Byron F. David, by counsel, and for his Response and Objection to the Chapter 11 Trustee's Motion to Convert Case to Chapter 7 (dkt. no. 173), states the following:

### A. BACKGROUND

**1.** On February 25, 2020, the Debtor filed a Motion to Convert to Chapter 13, based on a proposed plan that will pay his creditors in full (dkt. no. 169).

**2.** The following day, February 26, 2020, the Chapter 11 Trustee filed a Motion to Convert this case to Chapter 7 (dkt. no. 173).

**3.** The Trustee has moved to convert this case to Chapter 7 on the basis that the Debtor is not reorganizing a business, and that it is unclear whether proceeding under Chapter 11 will maximize returns to creditors.

**4.** The Trustee has also moved to convert this case to Chapter 7 on the grounds that the Debtor has not complied with a Budget Order entered by the Court on January 27,

James P. Campbell, Esq. (VSB #25097)
Matthew L. Clark, Esq. (VSB #84881)
*Campbell Flannery, P.C.*
1602 Village Market Blvd. Suite 225
Leesburg, Virginia 20175
(703) 771-8344/Telephone
(703) 777-1485/Facsimile

2020 (dkt. no. 154) (the "Budget Order"), requiring the Debtor (a) to make certain financial disclosures to the Trustee, (b) to turn over his paycheck to the Trustee within a certain time frame, and (c) to provide information about his accountant.

5. The alleged non-compliances with the Budget Order raised by the Trustee in his Motion to Convert are concerning as they are either inaccurate or entirely moot.

6. On February 26, 2020, undersigned counsel and the Trustee's office conferred by telephone about the status of the case. It was only at that time that he learned of the alleged non-compliance with the Budget Order.

7. At that time, undersigned counsel was also advised of the communication problem between the Trustee's proposed accountant and the Debtor's accountant. Undersigned counsel immediately emailed the Debtor's accountant's contact information, including his personal cell phone, which is characterized in the Trustee's Objection as being an incorrect telephone number. Notably, the Debtor's income tax returns, which bear the accountant's telephone number, were presented to Mr. King in his capacity as Chapter 7 Trustee at the outset of this case. In fact, therefore, the Trustee already had this information.

8. During the teleconference with the Trustee's counsel, the risk of converting the Debtor's case to Chapter 7 was discussed, specifically the elimination of the Debtor's standing to litigate the claim objection while that objection remains pending on appeal. Notwithstanding the Debtor's concerns about converting to Chapter 7, and his willingness to engage in dialogue with the Trustee and his counsel regarding those concerns, the Trustee filed a Motion to Convert to Chapter 7 on February 26, 2020.

## B.   LEGAL STANDARD

Pursuant to 11 U.S.C. § 1112(b)(1) (emphasis added), "*[e]xcept as provided in [11 U.S.C. § 1112(b)(2)*, and [11 U.S.C. § 1112(c)],[1] on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 [11 USCS §§ 701 et seq.] or dismiss a case under this chapter [11 USCS §§ 1101 et seq.], *whichever is in the best interests of creditors and the estate*, for cause unless the court determines that the appointment under section 1104(a) [11 USCS § 1104(a)] of a trustee or an examiner is in the best interests of creditors and the estate."  In turn, 11 U.S.C. § 1112(b)(2) (emphasis added) provides as follows:

> (2)The **court may not convert** a case under this chapter to a case under chapter 7 [11 USCS §§ 701 et seq.] or dismiss a case under this chapter [11 USCS §§ 1101 et seq.] if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
> (A)there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title [11 USCS §§ 1121(e) and 1129(e)], or if such sections do not apply, within a reasonable period of time; and
> (B)the grounds for converting or dismissing the case include an act or omission of the debtor other than under [11 U.S.C. § 1112(b)(4)(A)]—
>> (i)for which there exists a reasonable justification for the act or omission; and
>> (ii)that will be cured within a reasonable period of time fixed by the court.

---

[1]   11 U.S.C. § 1112(c) precludes conversion from Chapter 11 to Chapter 7 "if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion."  The Debtor in this case is not such a debtor and this exception does not apply.

3

11 U.S.C. § 1112(b)(4)(A) states that, "[f]or purposes of this subsection, the term 'cause' includes-- (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." In contrast,

> [t]he court may convert a case under this chapter [11 U.S.C. §§ 1101 et seq.] to a case under chapter 12 or 13 of this title [11 U.S.C. §§ 1201 et seq. or 1301 et seq.] only if—
>
> **(1)** the debtor requests such conversion;
>
> **(2)** the debtor has not been discharged under section 1141(d) of this title [11 U.S.C. § 1141(d)]; and
>
> **(3)** if the debtor requests conversion to chapter 12 of this title [11 U.S.C. §§ 1201 et seq.], such conversion is equitable.

11 U.S.C. § 1112(d).

### C.    ARGUMENT

The best interests of the Debtor's creditors will be served by converting this case from Chapter 11 to Chapter 13, rather than converting it from Chapter 11 to Chapter 7 as requested by the Trustee.

Before moving to convert from Chapter 11 to Chapter 13, on February 6, 2020, counsel for the Debtor contacted the Trustee to determine the amount of the anticipated administrative costs to be charged against the $80,000.00 then-held by the Trustee. On February 10, 2020, the Trustee advised that the estimated administrative costs to date were the stunning figure of $46,000.00. This was surprising to the Debtor and his counsel given the limited activity in the case by the Trustee since conversion to Chapter 11. The prospective administrative costs for a Chapter 13 Repayment Plan for the Debtor are approximately $39,000.00.

4

Perhaps most importantly, the Motion to Convert by the Trustee does not take into consideration or acknowledge that the Debtor's proposed Chapter 13 Plan provides for payment in full to his creditors.

In contrast, the limited assets in the Debtor's Chapter 7 Bankruptcy Estate provide less payment to creditors absent protracted and expensive litigation rendered unnecessary and moot in Chapter 13.  By way of example, Chapter 13 renders moot Summit's nondischargaeablity Adversary Proceeding inasmuch as the Debtor's proposed Chapter 13 Plan will pay all of his creditors in full.  There is little doubt that the interests of the Debtor's creditors-- the North Star of any bankruptcy proceeding-- compels a conversion to Chapter 13 rather than to Chapter 7.  *See* 11 U.S.C. § 1112(b)(2) (in the absence of narrow exceptions, precluding a court from converting a case from Chapter 11 to Chapter 7 when doing so "is not in the bests interests of creditors and the estate," and the debtor meets certain feasibility criteria);  11 U.S.C. §1325(a)(4) (establishing standards for confirmation of a Chapter 13 plan).

Furthermore, the Trustee's Motion to Covert overlooks and ignores the many commendable actions of the Debtor in this Bankruptcy Proceeding.  On December 2, 2019, the Debtor wired $80,000.00 to the Trustee and on March 2, 2020, he provided the Trustee with a check for $17,271.14.  Following this, on March 15, 2020, the Debtor provided the

5

Trustee with an additional $23,684.66, which brought the total funds provided by the Debtor in March to $40,885.80.[2]

The Debtor also negotiated the recovery of real property valued at $200,000.00 even prior to conversion to Chapter 11. The Trustee had little to nothing to recover this asset.

Accordingly, as set forth in the table below, the Debtor has now transferred to the Trustee cash and real estate totaling **$320,955.80**:

| Date | Description | Amount / Value |
| --- | --- | --- |
| September 23, 2020 | Delivery of Deed of Real Estate | $200,000.00[3] |
| December 2, 2019 | Cash | $80,000.00 |
| March 2, 2020 | Cash | $17,271.14 |
| March 15 2020 | Cash | $23,684.66 |
| **Total:** | | **$320,955.80** |

These sums are significant in comparison with the Debtor's outstanding debts, which are summarized in the table below:

| Creditor | Amount |
| --- | --- |
| American Express, | $41.15 |
| Capital One Bank | $1,229.35 |
| Discover | $64.82 |
| Johnson & Roche | $61,535.44 |
| Smith & Pugh | $29,210.50 |
| Summit Community Bank | $288,582.76 |
| **Total:** | **$380,664.02** |

---

[2]   Because of the COVID-19 Pandemic, the Debtor has been unable to work since mid March, and did not have a paycheck available to deliver to the Trustee for the month of April 2020.

[3]   While the Debtor arranged for the delivery of a deed of real estate worth $200,000.00, the Debtor has since entered into a settlement agreement with his wife that would provide $200,000.00 in cash to the Debtor's bankruptcy estate in exchange for the return of the deed and the release of certain claims. That settlement agreement is subject to (a) the Court converting this case to Chapter 13 and (b) the Court's approval of that Agreement.

6

From the foregoing, the Debtor's debts are now a mere $59,708.22 more than the gross assets the Debtor has turned over to the Trustee.

Conversely, if this case is converted to Chapter 7, in the absence of a turnover or fraudulent conveyance action, the net assets available to the Debtor's Creditors would be as follows:

| Asset | Value |
|---|---|
| Value of recovered real estate | $200,000.00 |
| 2005 Toyota Sequoia | $500.00 |
| Va. Code § 34-4 Exemption | ($1.00) |
| 2016 Chevrolet Suburban (50% interest) | $15,953.50 |
| Va. Code § 34-4 Exemption | ($76.57) |
| 2016 Chevrolet Suburban (50% interest) | $15,953.50 |
| Va. Code § 34-4 Exemption | ($52.93) |
| 2003 Haulmark Trailer | $1,000.00 |
| Va. Code § 34-4 Exemption | ($1.00) |
| 1988 Jeep Wrangler | $4,025.00 |
| Va. Code § 34-4 Exemption | ($4,025.00) |
| 2013 Ford Focus | $2,440.00 |
| Va. Code § 34-4 Exemption | ($1,975.00) |
| 2013 Ford Focus | $2,440.00 |
| Va. Code § 34-4 Exemption | ($465.00 |
| 2017 Volkswagen (holds a 1% interest) | $127.49 |
| Va. Code § 34-4 Exemption | ($1.00) |
| Household Items | $5,000.00 |
| Va. Code § 34-26(4a) Exemption | ($5,000.00) |
| Firearm | $400.00 |
| Va. Code § 34-4 Exemption | ($400.00) |
| Mens Clothing and Shoes | $500.00 |
| Va. Code § 34-4 Exemption | ($500.00) |
| Wedding Ring | $200.00 |
| Va. Code § 34-26(1a) Exemption | ($200.00) |
| Family Pet | $10.00 |
| Va. Code § 34-26(5) Exemption | ($10.00) |
| United Bank, Account No. x51510 | $2,697.26 |
| Va. Code § 34-4 Exemption | ($2,697.26) |
| United Bank, Account No. x1557 | $505.83 |
| Va. Code § 34-4 Exemption | ($505.83) |

| Asset | Value |
|---|---|
| United Bank, Money Market Account No. x0210 | $418.17 |
| Va. Code § 34-4 Exemption | ($418.17) |
| United Bank, Account No. x80420 | $427.27 |
| Va. Code § 34-4 Exemption | ($427.27) |
| Essex Bank, Account No. x3624D | $184.81 |
| Va. Code § 34-4 Exemption | ($184.81) |
| Northwest Federal, Account No. 2455 | $384.16 |
| Va. Code § 34-4 Exemption | ($244.73) |
| Northwest Federal Credit Union, Account No. x2455 | $384.16 |
| Va. Code § 34-4 Exemption | (139.43) |
| Northwest Federal Credit Union, Account No. x27307 | $384.00 |
| Va. Code § 34-4 Exemption | ($384.00) |
| Fisher Investments SEP-IRA, Account No. 991F1 | $829,868.63 |
| Va. Code § 34-4 Exemption | ($829,868.63) |
| 401K Voya Financial Account No. x60211 | $40,493.00 |
| Va. Code § 34-4 Exemption | ($40,493.00) |
| **Net Total:** | **$236,691.15** |

Pursuant to 11 U.S.C. § 541(a)(6), the Debtor's post-Petition earnings are exempt from the property of the Estate. Consequently, upon conversion from Chapter 11 to Chapter 7, as demonstrated in the table above, that portion of the **$320,955.80** comprised of the Debtor's post-Petition earnings would revert to him and would not be available to satisfy creditors. In contrast, Chapter 13 relies on the Debtor's post-petition earnings to repay creditors. Upon conversion to Chapter 13, the total amount of **$320,955.80** can be available to satisfy creditors and expenses of administration. There can be no question that this asset total combined with the Debtor's significant ability to earn income and pay his creditors in full under Chapter 13 demonstrates that the best interests of the Debtor's creditors will be served by conversion to Chapter 13.

In addition, the Court should note that the Trustee himself has materially failed to comply with the Budget Order. The Budget Order requires the Trustee "on or about the

1st day of each month following the entry of this Order the Trustee shall remit to the Debtor the sum set forth in the proposed Budget for the Debtor's living expenses, and sufficient sums quarterly for the Debtor's state and federal tax deposits as calculated by the aforementioned accountants." The monthly amount of such living expense amount approved in the Budget approved by the Budget Order is $10,000.00. *See* Trustee's Motion for approval of Compromise and Proposed Budget at p. 6 (dkt. no. 148). The Trustee, however, has not provided the Debtor with such a disbursement since February 3, 2020 and is now himself in violation of the Budget Order. The Trustee has not paid the Debtor for either March or April while the Debtor has delivered paychecks totaling $40,955.82.

In addition to a Chapter 13 conversion being in the best interests of the Debtor's creditor's, the Debtor has the ability to pay his creditors under his Chapter 13 plan. *See* 11 U.S.C. § 1325(b).

The Debtor has sufficient resources to pay his unsecured creditors in full pursuant to his proposed Chapter 13 Plan. In addition, the Debtor took the initiative to propose a monthly budget to the Trustee; has paid his quarterly taxes and his quarterly trustee fees; and has also completed and provided monthly operating reports.

The Debtor meets the requirements to convert this case from Chapter 11 to Chapter 13. The pertinent statute states as follows:

> The court may convert a case under this chapter [11 U.S.C. §§ 1101 et seq.] to a case under chapter 12 or 13 of this title [11 U.S.C. §§ 1201 et seq. or 1301 et seq.] only if—
>
> **(1)** the debtor requests such conversion;

> **(2)** the debtor has not been discharged under section 1141(d) of this title [11 U.S.C. § 1141(d)]; and
>
> **(3)** if the debtor requests conversion to chapter 12 of this title [11 U.S.C. §§ 1201 et seq.], such conversion is equitable.

11 U.S.C. § 1112(d).

First, the Debtor has requested conversion to Chapter 13 (dkt. no. 169). Second, the Debtor has not been discharged under 11 U.S.C. § 1141(d). Third and finally, the Debtor has not requested conversion to Chapter 12. Following conversion, the Debtor's Plan will be subject to confirmation. *See* 11 U.S.C. § 1325. The Plan proposed by the Debtor provides for payment in fully to his creditors, and there is little doubt the Debtor has the ability to make payments under his proposed plan. These same reasons preclude the Court from granting the Trustee's Motion to Convert to Chapter 7. In the absence of certain inapplicable exceptions, 11 U.S.C. § 1112(b)(2) precludes the Court from converting the case from Chapter 11 to Chapter 7 when doing so is not in the best interests of creditors and the estate, and the debtor or any other part in in establishes that there is a reasonable likelihood that a plan will be confirmed" and "the grounds for converting include an act or omission of the debtor other than under" 11 U.S.C. § 1112(b)(4)(A) "for (i) for which there exists a reasonable justification for the act or omission; and (iii) that will be cured within a reasonable period of time fixed by the court." There can be no doubt that a feasible Chapter 13 Plan that pays the Debtor's creditors in full serves the interests of the Debtor's creditors better than a Chapter 7 liquidation that pays less than that total to the Debtor's creditors. Furthermore, 11 U.S.C. § 1112(b)(4)(A) (substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation) is not

the basis for the Trustee's Motion to Convert to Chapter 7.  In addition, the Trustee cites noncompliance with the Budget Order (i.e. a reason under 11 U.S.C. § 1112(b)(4)(E)) as the basis for his Motion to Convert to Chapter 7, however, the Debtor's noncompliance, if any, was at most inadvertent and, in all instances, such noncompliance has been cured before any time period established by the court for curing it.  Fundamentally, the Debtor meets all criteria under 11 U.S.C § 1112(b)(2) and, therefore, conversion from Chapter 11 to Chapter 7 is forbidden.  This conclusion is bolstered and compelled even more forcefully by the Debtor's eligibility to convert to Chapter 13, the unassailably better treatment his creditors will receive under his proposed plan (payment in full), and the Debtor's demonstrated and unquestioned ability to make payments in accordance with his proposed plan.

The Debtor's largest creditor, Summit Community Bank, has objected to conversion to Chapter 13 because it has appealed this Court's rejection of four out of five of its claims against the Debtor.  *See* Summit's Response and Objection to Debtor's Motion to Convert to Chapter 13 at p. 3 (dkt. no. 181).  Summit's appeal of the Court's ruling, however, should not factor into the Court's ruling on Mr. David's Motion to Convert to Chapter 13 because Summit has not sought and has not obtained a stay of this Court's Order pursuant to Federal Rule of Bankruptcy Procedure 8007.

To obtain such a stay, courts must consider "'(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies.'" *In re Genesys Research Institute, Inc.*, Case No.

15-12794-JNF, 2016 Bankr. LEXIS 2376, at *77 (Bankr. D. Mass June 24, 2016) (unpublished) (quoting *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16 n.3 (1st Cir. 2002)).  Under this standard, "'[t]he *sine qua non* [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'"  *Id.* (alteration in original).

Here, Summit has not moved to stay this Court's Order denying four out of five of its claims (dkt. no. 152), and, in the absence of such a stay, Summit's appeal of this Court's Order should not factor into this Court's analysis whatsoever.  To do otherwise would be to treat that Order as though it were stayed without finding that the standards for obtaining such a stay have been met.  Because of the fact-bound nature of this Court's Order rejecting four out of five of Summit's claims (dkt. nos. 152, 153), Summit is unlikely to succeed on the merits of its appeal.[4]

In the absence of a stay, pursuant to the Debtor's proposed Chapter 13 Plan, Summit's lone remaining claim in the amount of $288,582.76 will be paid in full.  Consequently, Summit has no basis or grounds for objecting to the Debtor's conversion to Chapter 13 whatsoever.

### D.    CONCLUSION

Converting from Chapter 11 to Chapter 13 (rather than to Chapter 7 or remaining in Chapter 11) is clearly in the best interests of the Debtor's creditors.  The proposed Chapter

---

[4]   In the unlikely event of the reversal and remand by the District Court, and in the unlikely event that this Court reached a different conclusion on remand, then the Debtor would be eligible to re-convert to Chapter 11 if necessary.  Fundamentally, Summit is not prejudiced whatsoever by the Debtor's conversion to Chapter 13 at this time.

13 Plan will pay the Debtor's creditors in full without suffering the extraordinary expense of Chapter 11 administration.

While the Trustee attacks the Debtor, sufficient credit should be provided to the Debtor for providing **$320,955.80** to be applied towards his Chapter 13 Plan. To the extent the Trustee is concerned about the recovery of his administrative expenses, such costs can be addressed by the Court as an administrative claim in Chapter 13.

WHEREFORE, the Debtor, Byron F. David, respectfully requests that this Court (a) deny the Trustee's Motion to Convert to Chapter 7 (dkt. no. 173); (b) grant his Motion to Convert to Chapter 13 (dkt. no. 169); and (c) grant such further relief as this Court deems appropriate.

                                                    **BYRON F. DAVID**
                                                    By Counsel

/s/ James P. Campbell
James P. Campbell, Esq. (VSB #25097)
Matthew L. Clark, Esq. (VSB #84881)
**CAMPBELL FLANNERY, P.C.**
1602 Village Market Blvd. Suite 225
Leesburg, Virginia  20175
(703) 771-8344/Telephone
(703) 777-1485/Facsimile
jcampbell@campbellflannery.com/Email
mclark@campbellflannery.com
  *Counsel for Debtor Not in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that service of a true copy of the foregoing has been made as follows:

| | |
|---|---|
| Type of Service: | First Class and Electronic Mail to the parties listed below |
| Date of Service: | April 21, 2020 |
| Persons served and address: | Joseph A. Guzinski, Esq.<br>Office of the U.S. Trustee<br>1725 Duke Street<br>Suite 650<br>Alexandria, Virginia  22314<br><br>Bradley D. Jones, Esq.<br>Donald F. King, Esq.<br>Odin, Feldman & Pittleman, P.C.<br>1775 Wiehle Avenue, Suite 400<br>Reston, Virginia  20190<br><br>Mark B. Callahan, Esq.<br>Quinton B. Callahan, Esq.<br>Clark & Bradshaw, P.C.<br>P.O. Box 71<br>92 No. Liberty Street<br>Harrisonburg, Virginia  22803-0071 |
| Item Served: | Response to Trustee's Motion to Convert to Chapter 7 |

/s/ James P. Campbell
James P. Campbell